CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada corporation, | Case No.: 2:16-cv-02375 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| JOHN AND JANE DOES, 1-5 | |
| Defendants | |

Plaintiff LHF PRODUCTIONS, INC., a Nevada corporation ("PLAINTIFF"), by and through its counsel, Charles Rainey, Esq. of Hamrick & Evans LLP, complains and alleges as follows against Defendants JOHN AND JANE DOES 1 – 5 (collectively, "DEFENDANTS"):

<u>NATURE OF THE ACTION</u>

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. (the Copyright Act").

2. The Plaintiff alleges that each Defendant is liable for:

   (a) direct copyright infringement in violation of 17 U.S.C. §§106 and 501; and

   (b) contributory copyright infringement.

/ / /

/ / /

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition).

4. As shown on Exhibit "1" attached to this Complaint, and incorporated herein by reference, each of the Defendants' acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District. Under Fed.R.Civ.P. 4, every federal district court follows the law on personal jurisdiction that is in force in the state courts where the federal court is located. Under NRS 14.065, the courts may exercise personal jurisdiction to the extent permitted under federal due process. Here, this Court has personal jurisdiction over each Defendant because:

   (a) each Defendant committed the tortious conduct alleged in this Complaint in the State of Nevada, and/or

   (b) has engaged in business transactions in the State of Nevada, such as, without limitation, the ongoing purchase and maintenance of Internet service within the State.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because:

   (a) a substantial part of the events giving rise to the claims occurred in this District; and

   (b) the Defendants reside, or at the very least maintain residences or ongoing business operations within the State, and therefore can be found in this State.

   Additionally, venue is proper in this District pursuant 28 U.S.C. §1400(a) (venue for copyright cases), because the majority of the Defendants or Defendants' agents reside or may be found in this District.

/ / /

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

## PARTIES

6. The Plaintiff is a Nevada corporation, having its registered office at 318 N. Carson Street, Ste. 208, Carson City, Nevada 89701.

7. Each Defendant is known to the Plaintiff only by an IP address.

8. An IP address is a number that is assigned by an Internet Service Provider (an "ISP") to devices, such as computers, that are connected to the Internet.

9. The ISP to which a Defendant subscribes can correlate a Defendant's IP address to a Defendant's true identity.

## JOINDER

10. Pursuant to Fed.R.Civ.P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, the Plaintiff asserts that:
    (a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants;
    (b) the infringement complained of herein by each of the Defendants was part of a series of transactions over the course of a relatively short period of time, involving the exact same piece of the Plaintiff's copyrighted Work, and was accomplished by the Defendants acting in concert with each other; and
    (c) there are common questions of law and fact.

    Indeed, the claims against each of the Defendants are identical, and each of the Defendants used the BitTorrent protocol, jointly and in concert, to infringe the Plaintiff's copyrighted Work.

## FACTUAL BACKGROUND

### I. *The Plaintiff Owns the Copyright to the Motion Picture*

11. The Plaintiff is the owner of United States Copyright Registration Number PA0001982831 (the "Registration") for the motion picture entitled LONDON HAS FALLEN (the "Work"), a film that has been shown recently in numerous theaters throughout the United States and throughout the world.

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

13. A copy of the Plaintiff's Copyright Registration Record, evidencing, among other things, the Plaintiff's ownership of the Registration and the Registration date, is attached to this Complaint as Exhibit "2" and incorporated herein by reference.

## II. *The Defendants Used BitTorrent To Infringe the Plaintiff's Copyright*

14. BitTorrent is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data; indeed, it has been estimated that users of the BitTorrent protocol on the Internet account for over a quarter of all internet traffic. The creators and users of BitTorrent developed their own lexicon for use when talking about BitTorrent.

15. The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

### A. *Each Defendant Installed a BitTorrent Client onto his or her Computer.*

16. Each Defendant installed a BitTorrent Client onto his or her computer.

17. A BitTorrent "Client" is a software program that implements the BitTorrent Protocol. There are numerous such software programs including *µTorrent* and *Vuze*, both of which can be directly downloaded from the Internet. *See* www.utorrent.com, and http://new.vuze-downloads.com/.

/ / /

/ / /

4

18. Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

### B. *The Initial Seed, Torrent, Hash and Tracker*

19. A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a "torrent" descriptor file using the Client he or she installed onto his or her computer.

20. The Client takes the target computer file, the "initial seed," here the copyrighted Work, and divides it into identically sized groups of bits known as "pieces."

21. The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Work, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

22. When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free. In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted.

23. Torrent files also have an "announce" section, which specifies the URL (Uniform Resource Locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by Clients on peer computers to verify the integrity of the data they receive.

24. The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL address(es).

25. The tracker computer or computers direct a peer user's computer to other peer user's computers that have particular pieces of the file, here the copyrighted Work, on them and facilitates the exchange of data among the computers.

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

26. Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking).

### C. *Torrent Sites*

27. "Torrent sites" are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol. There are numerous torrent websites, including *www.TorrentZap.com*, *www.Btscene.com*, and *www.ExtraTorrent.com*.

28. Upon information and belief, each Defendant went to a torrent site to upload and download Plaintiff's copyrighted Work.

### D. *Uploading and Downloading a Work through a BitTorrent Swarm*

29. Once the initial seeder has created a torrent and uploaded it onto one or more torrent sites, then other peers begin to download and upload the computer file to which the torrent is linked (here the copyrighted Work) using the BitTorrent protocol and BitTorrent Client that the peers installed on their computers.

30. The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyrighted Work, to the peers seeking to download the computer file.

31. Once a peer receives a piece of the computer file, here a piece of the copyrighted Work, it starts transmitting that piece to the other peers.

32. In this way, all of the peers and seeders are working together in what is called a "swarm."

33. Here, each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

34. In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Work here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted Work to each of the peers. The recipient peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

35. Once a peer, here a Defendant, has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the movie. Also, once a peer has downloaded the full file, that peer becomes known as "an additional seed," because it continues to distribute the torrent file, here the copyrighted Work.

> E. *<u>The Plaintiff's Computer Investigators Identified Each of the Defendants' IP Addresses as Participants in a Swarm That Was Distributing the Plaintiff's Copyrighted Work.</u>*

36. The Plaintiff retained the services of a digital forensic investigation service, MAVERICKEYE UG (the "Investigator"), to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform the Plaintiff's copyrighted Work.

37. The Investigator used forensic software to enable the scanning of peer-to-peer networks for the presence of infringing trans actions.

38. The Investigator extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith for the files identified by the SHA-1 hash value of:

   SHA1: 6B30D9F4FB05238053EA9201DDC079FF27923D59

(hereafter, referred to as the "Unique Hash Number").

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

39. The IP addresses, Unique Hash Number, and hit dates contained on Exhibit "**1**" accurately reflect what is contained in the evidence logs, and show:
   (A) Each Defendant had copied a piece of the Plaintiff's copyrighted Work identified by the Unique Hash Number; and
   (B) Therefore, each Defendant was part of the same series of transactions.
40. Through each of the transactions, each of the Defendant's computers used their identified IP addresses to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the Unique Hash Number.
41. The Investigator analyzed each BitTorrent "piece" distributed by each IP address listed on Exhibit "**1**" and verified that re-assemblage of the pieces using a BitTorrent Client results in a fully playable digital motion picture of the Work.
42. The Investigator viewed the Work side-by-side with the digital media file that correlates to the Unique Hash Number and determined that they were identical, strikingly similar or substantially similar.

## MISCELLANEOUS

43. All conditions precedent to bringing this action have occurred or been waived.
44. Plaintiff retained counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for its services.

## FIRST CLAIM FOR RELIEF
(Direct Copyright Infringement)

45. The Plaintiff incorporates the allegations in the foregoing paragraphs.
46. Plaintiff is the owner of the Registration for the Work, which contains an original work of authorship.
47. By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the registered work that are original.

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

48. The Plaintiff did not authorize, permit, or provide consent to the Defendants to copy, reproduce, redistribute, perform, or display its Work.

49. As a result of the foregoing, each Defendant violated the Plaintiff's exclusive right to:

    (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

    (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

    (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and,

    (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work non-sequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display.)

50. Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

51. By engaging in the infringement misconduct alleged in this Complaint, the Defendants thereby deprived not only the producer of the Work from income that could have been derived when this film was shown in public theaters, but also all persons involved in the production and marketing of this film, and also numerous owners of local theaters in Nevada, their employees, and, ultimately, the local Nevada economy. The Defendants' misconduct therefore offends public policy.

52. The Plaintiff has suffered actual damages that were proximately caused by each of the Defendants direct and secondary infringing activity, including, without limitation, lost sales, price erosion, and a diminution of the value of its copyright.

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

## SECOND CLAIM FOR RELIEF

(Contributory Copyright Infringement)

53. The Plaintiff incorporates the allegations in the foregoing paragraphs.

54. The Plaintiff is the owner of the Registration for the Work, which contains an original work of authorship.

55. By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the registered Work that are original.

56. By participating in the BitTorrent swarm with the other Defendants, each Defendant induced, caused or materially contributed to the infringing conduct of each other Defendant.

57. The Plaintiff did not authorize, permit or consent to the Defendants' inducing, causing or materially contributing to the infringing conduct of each other Defendant.

58. Each Defendant knew or should have known that other BitTorrent users, here the other Defendants, would become members of a swarm with the Defendant.

59. Each Defendant knew or should have known that other BitTorrent users in a swarm with it, here the other Defendants, were directly infringing the Plaintiff's copyrighted Work by copying constituent elements of the registered Work that are original.

60. Indeed, each Defendant directly participated in and therefore materially contributed to each other Defendant's infringing activities.

61. Each of the Defendants' contributory infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

62. By engaging in the infringement misconduct alleged in this Complaint, the Defendants thereby deprived not only the producer of the Work from income that could have been derived when this film was shown in public theaters, but also all persons involved in the production and marketing of this film, and also

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

1 numerous owners of local theaters in Nevada, their employees, and, ultimately, the local Nevada economy. The Defendants' misconduct therefore offends public policy.

63. The Plaintiff has suffered actual damages that were proximately caused by each of the Defendants direct and secondary infringing activity, including, without limitation, lost sales, price erosion, and a diminution of the value of its copyright.

## THIRD CLAIM FOR RELIEF

(Vicarious Copyright Infringement)

64. The Plaintiff incorporates the allegations in the foregoing paragraphs.

65. The Plaintiff is the owner of the Registration for the Work that contains an original work of authorship.

66. Each of the Defendants are vicariously liable for the infringement upon the Plaintiff's copyright, as such infringement occurred over the Defendants' Internet access points, and each of the Defendants benefited from such infringement.

67. The Defendants each maintain Internet service at their respective addresses, purchasing such service from an Internet Service Provider.

67. As the accountholders for the Internet service provided to their respective addresses, each Defendant possesses the right and ability to supervise any infringing activity occurring over each Defendants' Internet access point.

68. Each of the Defendants failed to reasonably supervise the use of their respective Internet access points, thereby allowing those Internet access points to be utilized for the purposes of unlawfully downloading and sharing the Plaintiff's Work.

68. The Defendants, and each of them, derived one or more direct benefits from allowing the infringing activity to occur over their respective Internet access points, including, without limitation: the benefit of viewing the Plaintiff's Work

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

11

without paying for it or otherwise compensating the Plaintiff; the benefit of allowing others within the Defendants' household to view the Work, thereby providing the household with free entertainment, at no cost to the Defendant.

69. The Plaintiff has suffered actual damages that were proximately caused by each of the Defendants direct and secondary infringing activity, including lost sales, price erosion, and a diminution of the value of its copyright.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter a judgment in its favor against the Defendants jointly and severally and enter an order:

(A) enjoining permanently each Defendant and all other persons who are inactive concert or participation with each Defendant from continuing to infringe the Plaintiff's copyrighted Work;

(B) mandating that each Defendant delete and permanently remove the torrent file relating to the Plaintiff's copyrighted Work from each of the computers under each such Defendant's possession, custody, or control;

(C) mandating that each Defendant delete and permanently remove the copy of the Work that each Defendant has on the computers under that Defendant's possession, custody or control;

(D) finding that each Defendant is jointly and severally liable for the direct infringement of each other Defendant;

(E) awarding the Plaintiff either its actual damages and any additional profits made by each Defendant pursuant to 17 U.S.C. § 504-(a)-(b) or statutory damages in the amount of $150,000 per Defendant pursuant to 17 U.S.C. § 504-(a) and (c), whichever is greater;

(F) awarding the Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(G) granting the Plaintiff any and all further relief that this Court deems just and proper.

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)

1

## DEMAND FOR A JURY TRIAL

2   The Plaintiff hereby demands a trial by jury on all issues related to or
3 arising out of this matter.
4 Respectfully submitted this October 11, 2016.

/s/ Charles C. Rainey
CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

HAMRICK & EVANS LLP
2600 W. Olive Ave., Ste. 1020
Burbank, California 91505
+1.818.763.5292 (ph) / +1.818.763.2308 (fax)